## TUCKER et al. v. HOUSEL, Adm'r.

No. 25101.    March 16, 1937.

Oscar C. Simpson, for plaintiffs in error.

Roddie & Beckett, for defendant in error.

RILEY, J.  The only question presented by the briefs in this case is that the court erred in sustaining an attachment issued at the beginning of the case. Thereunder certain personal property claimed to be exempt was levied upon by the sheriff.

Motions to discharge the attachment were filed. No mention of claim of exemption was made in either motion. Before either motion was passed upon, a redelivery bond was given and the property was restored to the possession of the defendants. A plea in intervention was filed by the Wm. L. Tucker Printing Company, a corporation, claiming ownership of the property. This plea was verified by Wm. L. Tucker, who now claims the property as exempt under subdivision 5, section 6595, C. O. S. 1921.

No plea of any kind setting up the claim of exemption was filed. Near the close of the evidence at the trial of the case on its merits, this question was first raised by offer of evidence thereon. The trial court held that evidence on this question was not proper under the pleading; that exemption is an affirmative defense which must be pleaded. Thereupon defendant, after it appeared that the claim of ownership in the property by the alleged corporation could not be maintained because no such corporation existed, sought to claim the property as exempt.

Upon exception being made to evidence on this question as not being within the issues, defendants asked leave to amend their answer. At the time the request was made the trial court did not rule thereon, but heard defendants' evidence on the claim. At the close of the evidence the court denied the request of defendants to amend, stating:

"The court holds that there was a waiver of the exemptions when the defendants came into court and attempted to resist the execution on the ground that the property had belonged to the corporation. That is inconsistent with their claim whether or not there is a de facto corporation or not, and that certainly was an attempt to convey this property to the corporation, and that shows it was not the intention of those parties to hold this as their own personal property and

as exempt property for the use and benefit of themselves as the head of the family, and so the application to amend the pleadings of the defendant to claim the property as exempt to the head of the family be denied."

Unless there was error in denying leave to amend, there was no error in sustaining the attachment.

The amendment requested was not permissible at the time of the request under section 251, O. S. 1931, which provides that the court may, before or after judgment, in furtherance of justice, permit a party to amend any pleading, when such amendment does not change substantially the claim or defense.

The amendment sought was a complete change of defense; a complete departure from the defense relied upon up to that time.

It was not permissible under section 256, O. S. 1931, providing for filing supplemental petition, answer or reply, alleging facts material to the case, occurring after the former petition, answer or reply was filed. The facts sought to be set up by the amendment did not occur after defendant's former answer was filed.

Defendants point out no provision of law under which the amendment could have been made as a matter of right.

Under the record in this case, it cannot be said that the court erred in denying the amendment.

Other assignments of error are made, but they are not presented in the briefs. It is well settled that assignments of error will be treated as abandoned unless presented in the briefs.

Judgment affirmed.

OSBORN, C. J., and WELCH, PHELPS, and HURST, JJ., concur.